IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SANTANA WYGANT,

        Petitioner,

   v.                                 Civil Action No. 1:12cv163
                                         Criminal Action No. 1:08cr00078-26
                                         (Judge Keeley)

UNITED STATES OF AMERICA,

        Respondent.

## REPORT AND RECOMMENDATION

On October 22, 2012, the *pro se* petitioner, filed a Motion Under 28 U.S.C. §2255 for

Writ of Habeas Corpus by a Person in Federal Custody (Dkt #1071). On that same date, the Clerk

of Court sent the petitioner a Notice of Deficient Pleading and enclosed a form §2255 motion to

be completed.  On November 13, 2012, the petitioner submitted the completed form motion.

(Dkt. #1071).  Upon preliminary review of the petitioner's § 2225 motion, it appeared that the

same was untimely, having been filed after the one-year statute of limitations had expired. Thus,

pursuant to Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), on November 15, 2012, the

undersigned issued a notice advising the petitioner that his case would be recommended for

dismissal unless he could show that his motion was timely. (Dkt #1072).

On November 30, 2012 the petitioner filed his response (Dkt #1074) to the Hill v.

Braxton notice, asserting that a procedural bar does not apply because he received ineffective

assistance from his counsel. The petitioner asserts that there are two prongs necessary to prove

ineffective assistance that is sufficient to defeat a procedural bar.

## I. Factual and Procedural History

**A. Petitioner's Conviction and Sentence**

On June 5, 2009 the petitioner plead guilty to aiding and abetting distribution of cocaine a

violation of 21 U.S.C. §841(a)(1), §841(b)(1)(C), and §860 and Title 18 U.S.C. §2.(Dkts. #662,

665) The petitioner was sentenced to 108 months on September 15th, 2009 (Dckt. 759).[1]

**B. Appeal**

The petitioner did not file a direct appeal of his conviction.

**C. Federal Habeas Corpus**

In the motion, the petitioner asserts the following grounds for relief:

1. Deficient assistance of counsel, because counsel did not argue the prosecution's

method of weighting drugs for configuring sentences (Dkt #1074).

## II. Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) was

enacted, establishing a one-year limitation period within which to file any federal habeas corpus

motion. 28 U.S.C. §2255.

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action

in violation of the Constitution of law of the United States is removed, if the movant was

prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right

has been newly recognized by the Supreme Court and made retroactively applicable to cases on

---

[1]On January 12, 2012, the petitioner's sentence was reduced to 87 months pursuant to 18
U.S.C. § 3582(c)(2). (Dckt. 980).

collateral review, or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

"For purposes of the limitation period of §2255, when there is no direct appeal, a judgment of conviction becomes final ten days from the date the judgment is entered, "Sherrill v. United States, 2006 WL 462092 (W.D.N.C. Feb. 23, 2006), Fed.R.Crim.P. 4(b)(1)(a).[2] In this case the petitioner's judgment was entered on September 16, 2009 (Dkt #759). Because the petitioner did not file an appeal, his judgment of conviction became final on September 26, 2009; he then had one year, or until September 26, 2010, in which to file a timely §2255 motion, Dodd v. United States, 545 U.S. 353 (2005). The instant motion was filed on November 13, 2012, over two years after the statute of limitations had expired. (Dkt #1074).

However, the Fourth Circuit has held that the AEDPA statute of limitations is subject to equitable modifications such as tolling, United States v. Prescott, 221 F.3d 686, 687-88 (4th Cir. 2000). Nonetheless, "rarely will circumstances warrant equitable tolling," Rose v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). In order to be entitled to equitable tolling, the petitioner bears the burden of presenting evidence which shows that he was prevented from timely filing his §2255 petition because of circumstances beyond his control, or external to his own conduct, and that it would be unconscionable, or that a gross injustice would occur, if the limitation were enforced, Harris v. Hutchinson, 209 F.3d 325,330 (4th Cir. 2000). To make such a showing, the petitioner must also

---

[2]The undersigned notes that in 2009, Fed. R. App. P. 4(b)(1)(A) was amended to permit a prisoner to have fourteen days, instead of only ten, after judgment is entered on his criminal docket, in which to file a notice of appeal. However, that amendment did not take effect unt il December 1, 2009. See U.S.. V. Barrett, 367 Fed. Appx. 462 (Feb. 26, 2010).

show that he employed reasonable diligence in investigating and bringing his claims, <u>Miller v. New Jersey State Department of Corrections</u>, 145 F.3d 616, 617 (3rd Cir. 1998).

Here, the petitioner has not claimed that he was somehow prevented from filing a timely §2255 motion by anything done by the Government. He has presented no evidence regarding any newly-discovered fact that would justify equitable tolling, let alone prove the requisite diligence in attempting to timely file his motion. The petitioner has not shown that any circumstance beyond his control or external to his own conduct caused his delay. The petitioner has not shown that gross injustice will occur if the statute of limitation for his §2255 motion is enforced.

Accordingly, in this case, despite adequate notice from the Court, *inter alia*, the petitioner has failed to show that he is entitled to equitable tolling or that his petition is otherwise timely.

### III. <u>Recommendation</u>

For the foregoing reasons, the undersigned recommends that the Court enter an Order **DENYING** the petitioner's §2255 motion as untimely and **DISMISSING** the case with prejudice.

Within fourteen (14) days of being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court written objections identifying those portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. Failure to file timely objections to the Recommendation set forth above will result in waiver of right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u> 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report ad Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

Dated: May 21, 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATE MAGISTRATE JUDGE